Lisa D. Dubowski, Esq.; SBN: 237003
lisa.dubowski@michaellegalgroup.com
Christina Rymsza, Esq.; SBN: 233631
christina.rymsza@michaellegalgroup.com
Stephanie Ho, Esq.; SBN: 306109
stephanie.ho@michaellegalgroup.com
**MICHAEL & ASSOCIATES, PC**
555 St. Charles Drive, Suite 204
Thousand Oaks, California 91360
Telephone: (805) 379-8505
Facsimile: (805) 379-8525

*Attorneys for Plaintiff*
*Lina M. Michael McGurk*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA M. MICHAEL MCGURK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC. dba CHRYSLER CAPITAL; and Does 1 to 10 inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT; [15 U.S.C. §§1681, *et seq*.]<br>2. WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT; [15 U.S.C. §§1681, *et seq*.]<br>3. DEFAMATION;<br>4. NEGLIGENCE;<br>5. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; [California Civ. Code §§1788, *et seq*.]<br>6. VIOLATIONS OF THE CALIFORNIA BUSINESS AND PROFESSIONS CODE [California Civ. Code §§17200, *et seq*.;]<br>7. VIOLATIONS OF THE TRUTH IN LENDING ACT; [15 U.S.C. §1601, *et seq*.]<br>**-AND-**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff, LINA M. MICHAEL MCGURK, an individual ("PLAINTIFF"), brings this complaint against Defendant, SANTANDER CONSUMER USA, INC. dba CHRYSLER CAPITAL ("CHRYSLER CAPITAL"); and Does 1 to 10; and hereby alleges as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action seeking damages and injunctive relief against Defendant for violations of the *Fair Credit Reporting Act* ("FCRA"), Defamation, Negligence, the *California Rosenthal Fair Debt Collection Practices Act* ("RFDCPA"), *California Business and Professions Code*, and *Truth in Lending Act* ("TILA"), arising out of Chrysler Capital's continuous reporting of false information to Transunion and other credit reporting agencies.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to hear this case pursuant to *28 U.S.C. §1331* because this action arises out of Defendant's violations of (i) the Fair Credit Reporting Act, *15 U.S.C. §1681 et seq.*, and the (ii) Truth In Lending Act, *15 U.S.C. §1640 et seq.*, both of which are federal statutes.

3. This Court has personal jurisdiction over the Defendant since the actions complained of occurred in this district and the Defendant conducts business in California.

4. Venue is proper pursuant to *28 U.S.C. §1391(b)* because (i) Plaintiff resides in the County of Ventura, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducts business within this judicial district.

## PARTIES

5. Plaintiff is, and at all times mentioned herein, was an individual citizen and resident of the State of California, County of Ventura.

6. Plaintiff is a natural person residing in Thousand Oaks, California and is a "consumer" as that term is defined by the *FCRA*, *15 U.S.C. §1681a(c)*.

7. Plaintiff is an "obligor" as that term is defined in the *TILA*, *15 U.S.C. §1666*.

8. Plaintiff is a "debtor" and a "person" as defined by *Cal. Civ. Code §1788.2(h)* and *1788.2(g)* of the *RFDCPA*.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant Santander Consumer USA, Inc. dba Chrysler Capital is a company whose State of Incorporation is Illinois and whose principal place of business is in Dallas, Texas.

10. Defendant Chrysler Capital is a corporate entity who, in the regular course of business, furnishes information to one or more consumer credit reporting agencies about its transactions or experiences with consumers and therefore constitutes a "furnisher of information" as that term is defined by the FCRA, *15 U.S.C. §1681s-2*.

11. Chrysler Capital is a "creditor" as that term is defined by the *TILA*, *15 U.S.C. §1602g*.

12. Chrysler Capital is a corporate entity who, in the regular course of business, engages in the business of collecting its own debts and reporting such debts to the credit bureaus and therefore is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2 (c)* of the *RFDCPA*.

13. The true names and capacities, whether individual, corporate, association, or otherwise of Defendants named herein as Does 1 through 10 are unknown to Plaintiff but can be ascertained through discovery. Plaintiff will amend the complaint to include the true names of the appropriate Doe defendants after their identities have been ascertained.

## GENERAL ALLEGATIONS

14. On or about August 2013, Plaintiff entered into a thirty-nine month finance agreement with Chrysler Capital, for the lease of a 2014 Jeep Grand Cherokee with the VIN number: 1C4RJECG7EC221773.

15. On or about June 2016, at the end of thirty-six months, Plaintiff submitted her monthly payment and returned her vehicle to Shaver Auto, Thousand Oaks, the leasing dealership, four months short of the lease termination date.

16. On or about July 2016, Plaintiff submitted her final payment to Chrysler Capital pursuant to the terms of the lease agreement and the End of Term Final Bill, and her Chrysler Capital account ending in 51000 was closed with a zero due balance. *See* **"Exhibit A"**.

17. Plaintiff is a member of a credit monitoring service offered through Experian. This service provides alerts to consumers whenever there is new activity that has been noted on any of the consumer's credit reports.

18. On August 17, 2016, an alert was placed on Plaintiff's account notifying her that Chrysler Capital had flagged her account as being 30 days past due. The notification indicated that this information had been reported to Transunion, a credit reporting agency, and that her FICO credit score had been negatively affected by this information. *See* **"Exhibit B"**.

19. When Plaintiff saw this alert, she became extremely distressed because she had worked very hard over the past ten years to earn a high credit rating after the bankruptcy she had filed on or about December 2006.

20. Plaintiff immediately contacted Chrysler Capital and spoke with a representative who identified herself as "Shea." Plaintiff told Shea that she was disputing the fact that there was ever any past due balance on the account, and that there could not be a past due balance since the balance owing was zero.

21. Chrysler Capital representative Shea informed Plaintiff that she did not understand why Plaintiff's account was being reported as past due, as Chrysler Capital's own records indicated that the account had a zero balance.

22. Plaintiff then contacted Transunion, and was informed that Chrysler Capital, had in fact, reported Plaintiff's account as being 30 days past due.

Plaintiff informed the representative that she was disputing the past due reporting by Chrysler Capital. Plaintiff further informed Transunion that the information being reported by Chrysler Capital was inaccurate and that the account had a zero balance.

23. The Transunion representative informed Plaintiff that although Chrysler Capital reported the balance as being past due, the account balance showed a zero balance owing.

24. Despite Plaintiff's requests to both Chrysler Capital and Transunion to remove the disputed item from her credit report, Chrysler Capital failed to properly investigate Plaintiff's dispute and failed to remove the false information from Plaintiff's credit report.

25. On or about November 2016, Plaintiff received another notification that Chrysler Capital had once again flagged her account as being past due. This time Chrysler Capital reported that Plaintiff's account was 90 days past due. The notification indicated that this information had been reported to Transunion and that her FICO credit score had once again been negatively affected by this information. *See* **"Exhibit C"**.

26. Chrysler Capital acted in a false, deceptive, misleading, and unfair manner when it communicated to the credit reporting agency inaccurate information which it knew or had reason to know would defame Plaintiff.

27. Chrysler Capital acted in a false, deceptive, misleading, and unfair manner by falsely representing the amount, character, or legal status of the debt.

28. Chrysler Capital acted in a false, deceptive, misleading, and unfair manner by communicating or threatening to communicate to any person credit information which it knew or should have known to have been false, including the failure to communicate that a debt was being disputed.

29. At all times relevant hereto, Chrysler Capital was acting by and through its agents, servants and employees, who were acting within the scope and course of their employment and under the direct supervision and control of Defendant.

30. At all times relevant hereto, the conduct of Chrysler Capital and its agents, servants, and employees was malicious, intentional, willful, reckless, negligent, and in wanton disregard for the federal and state law rights of Plaintiff.

31. As a result of Defendant's actions, Plaintiff suffered emotional and mental distress, anxiety, embarrassment, loss of credit opportunities and commercial viability, pecuniary loss, harm to her reputation, a substantial decrease in her FICO credit score, credit rating, and perceived credit worthiness.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§1681, *et seq.*
(As to all Defendants)

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

33. Defendant owed a duty of care to Plaintiff to investigate Plaintiff's dispute regarding her Chrysler Capital account ending in 51000 and to report accurate information on Plaintiff's credit report.

34. In September 2016, Plaintiff contacted Defendant extremely distressed when she discovered that Defendant had flagged her account as being thirty days past due, even though the account had a zero balance. A representative by the name of Shea, acknowledged the error and told Plaintiff that Defendant would correct the inaccurate information that was being transmitted to the credit bureaus.

35. Defendant breached its duty of care to Plaintiff when it failed to investigate the dispute in accordance with its duties under the *FCRA*, failed to correct the inaccurate information on her credit report and continued to publish false and inaccurate information.

36. Defendant's actions caused Plaintiff to suffer damages including emotional and mental distress, anxiety, embarrassment, loss of credit opportunities and commercial viability, pecuniary loss, harm to her reputation, a substantial decrease in her FICO credit score, credit rating, perceived credit worthiness, and other compensatory and consequential damages.

37. Defendant's actions were willful and wanton, as evidenced by Defendant's additional false reporting of Plaintiff's Chrysler Capital account in November of 2016, entitling Plaintiff to seek punitive damages as a result. *See* **"Exhibit C"**.

## COUNT II
## KNOWING AND WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, *et seq.*

(As to all Defendants)

38. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 37 above of the Complaint as if stated fully herein.

39. Defendant failed to investigate Plaintiff's dispute of the balance owed in accordance with its duties as a furnisher of information under the *FCRA*. Defendant's initial and continuous false reporting of Plaintiff's balance, despite knowledge of the falsity of that information constituted willful violations of the Fair Credit Reporting Act in accordance with *15 U.S.C.§1681*, *et seq*.

40. Defendant's acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

41. As a result of Defendant's knowing and willful violations of *15 U.S.C. §1681 et seq.*, Plaintiff is entitled to statutory damages, punitive damages, actual damages and attorneys' fees and costs.

42. Plaintiff is also entitled to and seeks injunctive relief prohibiting such harassing conduct in the future.

# COUNT III

# DEFAMATION OF CHARACTER

(As to all Defendants)

43. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 42 above of the Complaint as if stated fully herein.

44. Chrysler Capital, with knowledge of the falsity of the statements, has published and continues to publish statements to others, including consumer credit reporting agencies such as Experian and Transunion and other unknown individuals and entities who have accessed Plaintiff's credit report, that Plaintiff has a past due account with Chrysler Capital.  Chrysler Capital's statements were false and were made with the conscious disregard for Plaintiff's rights.

45. Chrysler Capital's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Chrysler account amounts to defamation and defamation per se of the Plaintiff, entitling Plaintiff to compensatory, special, consequential, and punitive damages.

# COUNT IV

# NEGLIGENCE

(As to all Defendants)

46.  Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 45 above of the Complaint as if stated fully herein.

47. Chrysler Capital owed a duty to Plaintiff to investigate Plaintiff's dispute and to report accurately regarding Plaintiff's credit history.

48. Chrysler Capital's false reporting to Transunion regarding the alleged balance on the Chrysler account was negligent.  In falsely reporting the balance as "30 days past due" and "90 days past due" to Transunion and other consumer credit reporting agencies, Chrysler Capital breached its duty to Plaintiff to investigate Plaintiff's dispute and to report accurately regarding Plaintiff's credit history. *See* Exhibits **"B"** and **"C"**.

49. Chrysler Capital's actions were done with a conscious disregard of Plaintiff's rights.

50. Chrysler Capital's failure to investigate Plaintiff's dispute and its false reporting to Transunion and Experian regarding the account has caused and continues to cause damage to Plaintiff, including emotional and mental distress, anxiety, embarrassment, loss of credit opportunities and commercial viability, pecuniary loss, harm to her reputation, a substantial decrease in her FICO credit score, credit rating, perceived credit worthiness, and other compensatory and consequential damages.

51. Chrysler Capital's failure to investigate Plaintiff' s dispute and false reporting of the account was willful and wanton, as evidenced by their additional false reporting of Plaintiff's Chrysler Capital account in November 2016, entitling Plaintiff to seek punitive damages.

## COUNT V
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CAL. CIV. CODE §§1788, *et seq*.

(As to all Defendants)

52. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 51 above of the Complaint as if stated fully herein.

53. The above referenced Chrysler account is a "consumer debt" as that term is defined by *Cal. Civ. Code §§1788.2(h)* and *1788.2(g)* of the *RFDCPA*.

54. The above referenced credit report is a "consumer credit report" as defined by *Cal. Civ. Code §1788.2(j)* of the *RFDCPA*.

55. Chrysler Capital violated *Cal. Civ. Code §1788.20(B)* of the *RFDCPA* by communicating to the credit reporting agency inaccurate information which it knew or should have known was false and would bear upon Plaintiff's credit-worthiness.

56. Chrysler Capital's actions were done with an intentional, willful, reckless, wanton and negligent disregard of Plaintiff's rights under the law.

57. As a result of the violations of the *RFDCPA*, Chrysler Capital is liable to Plaintiff for statutory damages, actual damages, and attorneys' fees and costs.

## COUNT VI
## VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE
### California Civil Code §§17200, *et seq.*

(As to all Defendants)

58. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 57 above of the Complaint as if stated fully herein.

59. *California Business and Professions Code §§17200*, *et seq.* prohibits unfair, unlawful, and fraudulent business practices.

60. Defendant's acts and practices as alleged herein are unfair because the utility of the conduct is outweighed by the gravity of the harm it causes. In addition, Defendants' conduct is unfair because it offends established public policy and is immoral, oppressive, unscrupulous, and substantially injurious to consumers. Further, as detailed above and below, Defendant's conduct violates consumer laws, specifically the *Fair Credit Reporting Act*, the *California Rosenthal Fair Debt Collections Practices Act*, and the *Truth in Lending Act*; and violates the spirit of these statutes, and otherwise significantly threatens or harms consumers. Defendant's conduct has caused substantial injury, which was not reasonably avoidable by Plaintiff, and is not outweighed by countervailing benefits to consumers.

61. Defendant's actions constitute unlawful practices because they engaged in the following acts:

    a.    Violations of *15 U.S.C.§§1681*, *et seq.* (*Fair Credit Reporting Act*);

    b.    Violations of *California Civ. Code §§1788*, *et seq.* (Rosenthal Fair Debt Collections Practices Act); and

c.   Violations of *15 U.S.C. §1666a* (Truth In Lending Act);

62. Defendant is engaging, has engaged, and there is a substantial likelihood that Defendant will continue to engage in these unlawful and unfair practices unless enjoined by this Court. As such, pursuant to *Business and Professions Code §17203*, Defendant should be enjoined from these unlawful and unfair business acts.

## COUNT VII
## VIOLATIONS OF THE TRUTH IN LENDING ACT
## 15 U.S.C. §§ 1601, *et seq.*

(As to all Defendants)

63. Plaintiff incorporates by reference paragraphs 1 through 62 of this Complaint as though fully stated herein.

64. Chrysler Capital's initial and continuing false reporting to Experian of Plaintiff's alleged Chrysler account balance is a violation of Chrysler Capital's duties as a creditor pursuant to the *TILA*, *15 U.S.C. §1666a*.

65. Chrysler Capital's violations of the *TILA* entitle Plaintiff to seek statutory damages, actual damages, and attorneys' fees, pursuant to *15 U.S.C. §1640*.

## PRAYER FOR RELIEF

NOW, THEREFORE, Plaintiff prays that the Court enters judgment in her favor and against Defendant and issues orders, as follows:

1. An award of actual and statutory damages for violations of the Rosenthal Act in the amount of $1,000 pursuant to *Cal. Civ. Code §§ 1788.17*, *1788.30*;

2. An order for preliminary and permanent injunctive relief prohibiting Defendant from continuing to violate the *FCRA*, the California *Rosenthal Fair Debt Collection Practices Act*, and *California Business and*

1      *Professions Code*;

  2  3. An award of statutory, compensatory, and consequential damages
  3      against each named Defendant;
  4  4. An award of punitive damages against each named Defendant;
  5  5. An award of costs of litigation;
  6  6. An award of reasonable attorney fees; and
  7  7. Any other relief the Court deems just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a jury trial.

DATE: February 10, 2017          MICHAEL & ASSOCIATES, PC

                                       By: /s/ Lisa Dubowski
                                            LISA D. DUBOWSKI,
                                            Attorneys for Plaintiff