**MICHAEL & ASSOCIATES, PC**
Lisa D. Dubowski, Esq.; SBN: 237003
lisa.dubowski@michaellegalgroup.com
Christina L. Rymsza, Esq.: SBN: 233631
christina.rymsza@michaellegalgroup.com
Stephanie Ho, Esq.: SBN: 306109
stephanie.ho@michaellegalgroup.com
555 St. Charles Drive, Suite 204
Thousand Oaks, CA 91360
Telephone: (805) 379-8505
Facsimile: (805) 728-6266

*Attorneys for Plaintiff,*
*Lina M. Michael McGurk*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINA M. MICHAEL MCGURK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, INC. DBA CHRYSLER CAPITAL; and Does 1-10, inclusive.<br><br>Defendants. | Case No.: 2:17-cv-01083-ODW-SK<br><br>**JOINT RULE 26 REPORT**<br><br>Hon. Otis D. Wright II<br>Conference Date: May 22, 2017<br>TIME: 1:30 p.m. |

Plaintiff, LINA M. MICHAEL MCGURK ("Plaintiff"), and Defendant SANTANDER CONSUMER USA dba CHRYSLER CAPITAL ("Defendant"), jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

## DATE AND PLACE OF MEETING AND
## IDENTIFICATION OF PARTIES AND THEIR ATTORNEYS

**1. THE DATE AND PLACE AT WHICH THE MEETING WAS HELD.**

The Rule 26(f) meeting took place telephonically on May 4, 2017. Plaintiff was represented at the Rule 26(f) meeting by Lisa Dubowski, Esq. and Stephanie Ho, Esq. of Michael & Associates, PC located at 555 St. Charles Drive, Suite 204,

1

Thousand Oaks, California 91360 (Telephone – (805)379-8505).  Defendant was represented at the Rule 26(f) meeting by Jamie D. Wells, Esq. of McGuireWoods LLP (Telephone – (415) 844-9944).

## DESCRIPTION OF THE CASE

**1. A CONCISE STATEMENT OF THE JURISDICTIONAL BASIS OF THE CASE, GIVING STATUTORY CITATION AND A BRIEF NARRATIVE DESCRIPTION.**

*Plaintiff's Position:*  Plaintiff contends that jurisdiction of this Court arises under 28 U.S.C. § 1331.  Plaintiff alleges that this action arises out of Defendant's violations of the Fair Credit Reporting Act [15 U.S.C. §1681, et seq.], California Rosenthal Fair Debt Collections Practices Act [California Civil Code §§ 1788, et seq.], California Consumers Legal Remedies Act [California Civil Code §§ 1770, et seq.], the California Business and Professions Code §§ 17200, et seq., Truth in Lending Act [15 U.S.C. §1601, et seq.], a cause of action for Defamation, and Negligence.  Plaintiff contends that the parties named in this action have been served, but would like to reserve the right to add additional parties, if necessary for the resolution of this case.  If additional parties become necessary to this action, Plaintiff intends to add them by November 21, 2017.

*Defendant's Position:*  Defendant contends that this Court has jurisdiction.

**2. A BRIEF CHRONOLOGY OF THE FACTS GIVING RISE TO THIS LAWSUIT, INCLUDING A DESCRIPTION OF LEGAL CLAIMS AND DEFENSES.**

*Plaintiff's Position:* Plaintiff alleges that Defendant engaged in actions that violated the Fair Credit Reporting Act [15 U.S.C. §1681, et seq.], California Rosenthal Fair Debt Collections Practices Act [California Civil Code §§ 1788, et seq.], California Consumers Legal Remedies Act [California Civil Code §§ 1770, et seq.], the California Business and Professions Code §§ 17200, et seq., the Truth in Lending Act [15 USC §1601, et seq.], and actions constituting defamation of character and negligence.

Plaintiff's claims stem from the Defendant's transmission of false, misleading, and inaccurate information to the three credit reporting bureaus regarding the status of her Chrysler Capital account. Plaintiff alleges that the Defendant transmitted this false information to the credit bureaus on at least two separate occasions, including September and November of 2016. Plaintiff further alleges that the Defendant carried out these actions in a willful and reckless manner since it knew or should have known about the falsity of the information that was being transmitted.

*Defendant's Position:* Defendant denies the allegations and purported causes of action contained in Plaintiff's complaint and denies that it engaged in any wrongful act or omission with respect to Plaintiff, or that Plaintiff has been damaged in the manner or sums alleged, or in any way or in any amount at all, as a result of any alleged wrongful act or omission on the part of Defendant. On March 8, 2017, Defendant filed an answer to Plaintiff's complaint asserting 27 affirmative defenses, including but not limited to laches, estoppel, waiver, failure to mitigate damages, unjust enrichment, ratification/consent, law of malice, and truth.

**3. ISSUES WHICH MAY BE DETERMINED BY MOTION:**

*Plaintiff's Position:* Plaintiff plans to file a motion for summary judgment or in the alternative partial summary judgment as to its claims against the Defendant.

*Defendant's Position:* Defendant plans to file a motion for summary judgment or in the alternative partial summary judgment as to Plaintiff's claims against Defendant for: (1) negligent violations of the Fair Credit Reporting Act (the "FCRA"); (2) willful violations of the FCRA; (3) defamation; (4) negligence; (5) Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"); (6) violations of the California Business and Professions Code section 17200 (the "UCL"); and (7) violations of the Truth in Lending Act (the "TILA").

**4. WHETHER PLEADINGS ARE LIKELY TO BE AMENDED AND PARTIES ADDED:**

*Plaintiff's Position:* The parties are still in the early stages of discovery. Plaintiff may decide to bring in additional parties if it finds information to support a cause of action against other third parties. Plaintiff intends to make a decision to add any additional parties by November 21, 2017.

*Defendant's Position:* At this time, Defendant does not anticipate filing an amended answer or a cross-complaint against Plaintiff and/or third parties however, it reserves its right to do so.

**5. PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER ORDERING OF PROOF:**

None at this time.

**6. OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF THE CASE:**

None at this time.

**7. DISCOVERY:**

Both parties have served their initial disclosures. Plaintiff has served Defendants with discovery. Defendant's discovery responses are currently due May 25, 2017. Defendant plans to serve Plaintiff with written discovery. Plaintiff and Defendant plan to conduct depositions after completing written discovery. Plaintiff and Defendant may depose third parties to the extent said third parties have relevant and discoverable information related to Plaintiff's claims and Defendant's defenses.

**8. MOTIONS:**

*Plaintiff's Position:* Plaintiff plans to file a motion for summary judgment, or alternatively, summary adjudication as to some of the claims in the future. Plaintiff also anticipates filing discovery motions, if necessary for the litigation.

*Defendant's Position:* Defendant plans to file a motion for summary judgment or in the alternative partial summary judgment as to Plaintiff's claims

against Defendant. Defendant also anticipates filing motions in limine and discovery related motions to the extent needed.

**9. TRIAL:**

*Plaintiff's Position:* Plaintiff has made a timely request for a jury trial.

*Defendant's Position:* Defendant requests a bench trial.

**10. LENGTH OF TRIAL:**

The parties estimate that trial should take 2-3 days.

**11. EFFORTS TO RESOLVE THE CASE:**

The parties are in the process of discussing settlement.

**12. CHOICE OF SETTLEMENT**

The parties have elected to appear before a neutral selected from the Court's Mediation Panel for mediation and will file form ADR-01 to reflect this election at the time of the filing of this Report. The parties agree that no mediation shall be held until November 2017, so the parties have time to establish the pleadings and conduct the discovery needed to allow for a fruitful and effective mediation.

**PROPOSED CASE MANAGEMENT DATES**

| MATTER | THE PARTIES REQUEST |
| --- | --- |
| DEADLINE TO AMEND PLEADINGS | November 21, 2017 |
| EXPERT DISCLOSURES | April 11, 2018 |
| DEADLINE TO SUPPLEMENT EXPERTS | May 11, 2018 |
| DISCOVERY CUT-OFF | May 11, 2018 |

| **EXPERT DISCOVERY CUT-OFF** | June 11, 2018 |
|---|---|
| **DISPOSITIVE MOTION CUT-OFF** | June 11, 2018 |
| **FINAL PRETRIAL CONFERENCE** | June 20, 2018 |
| **TRIAL (EST. 2-3 DAYS)** | July 10, 2018 |

Dated: May 15, 2017              **MICHAEL & ASSOCIATES, PC**

                                 By: __/s/ Lisa D. Dubowski___
                                     LISA D. DUBOWSKI, ESQ.
                                     ATTORNEY FOR PLAINTIFF

Dated: May 15, 2017              **MCGUIREWOODS, LLP**

                                 By: ___/s/ Jamie D. Wells____
                                     JAMIE D. WELLS, ESQ.
                                     ATTORNEY FOR DEFENDANTS

### SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to Jamie D. Wells, Esq., counsel for Defendant, and that I have obtained authorization to affix her electronic signature to this document.

Dated: May 15, 2017              **MICHAEL & ASSOCIATES, PC**

                                 By: /s/ Lisa D. Dubowski_____
                                     LISA D. DUBOWSKI, ESQ.
                                     Attorneys for Plaintiff